Nov. Term,
1837.

STANLEY
v.
NORRIS.

Tuesday,
November 28.

STANLEY *v.* NORRIS.

A suit against the vendor of goods founded on *fraud* in the sale, is not sustained by proof of a *warranty* and breach without fraud.

APPEAL from the *Fayette* Circuit Court.

BLACKFORD, J.—An action on the case in *tort* was brought by *Norris* against *Stanley* before a justice of the peace. The following statement of the cause of action was filed:—

State of *Indiana, Fayette* county, *Jackson* township. Before *C. Thompson,* justice. *Samuel S. Norris* complains of *Samuel Stanley* of a plea of trespass on the case. For that whereas, heretofore, to wit, on the 15th of *November*, 1836, at the township aforesaid, the defendant was possessed of a certain horse which he well knew to have extremely weak and defective eyes, so much so as to render him nearly if not entirely good for nothing; yet the defendant, for the purpose of inducing the plaintiff to buy the said horse, deceitfully, falsely, and fraudulently, affirmed to the plaintiff that the horse was a good and sound horse. And thereupon the plaintiff, confiding in the said affirmation, bought the horse of the defendant for the sum of 90 dollars, paid him the price, and received from him the horse. The plaintiff avers, that from the time of the purchase up to the time of bringing this suit, the eyes of the horse have grown worse and worse so as to destroy the sale of him, and almost entirely unfit him for any use or service whatever. And so the defendant falsely and fraudulently deceived the plaintiff, to the plaintiff's damage 50 dollars, and hence he sues.

The cause was tried before the justice, and the plaintiff recovered a judgment-for one cent damages and costs. The plaintiff appealed to the Circuit Court, and obtained there a verdict and judgment for 42 dollars.

The defendant, on the trial, asked the Court to instruct the jury, that the plaintiff, to recover in this suit, must prove that the defendant *knew* at the time of making the alleged affirmation of soundness, that the horse was unsound in the eyes as alleged. The Court refused this instruction, but they informed the jury, that the action was founded on a warranty of the soundness of the horse; and that if the plaintiff had proved a

45

*warranty* of soundness, and also the unsoundness of the horse, he could recover without proving that the defendant *knew* that the horse was unsound.

The Circuit Court, in refusing the instruction asked for by the defendant, and in giving the other instruction, has considered that the affirmation set out in the declaration, is, of itself, a warranty of soundness. In this, the Court has mistaken the law. It is not necessary now to examine this point. The question was decided by us at the last term in the case of *House* v. *Fort.*

The action now before us is not founded, as the Court supposes, upon a warranty that the horse was sound. The *gravamen* of the suit is the fraud of the defendant in falsely representing the horse to be sound, when he *knew* him to be unsound. It is the defendant's knowledge of the falsity of the representation, upon which the plaintiff in his declaration depends; and, without proof of that knowledge, this action cannot be sustained. The proof of a warranty and its breach does not sustain the declaration; the reason is, that a warranty is not described as the cause of action, and the *probata* must agree with the *allegata*. This doctrine is expressly stated in *Thompson* v. *Ashton*, 14 Johns. Rep. 316. In that case it is said, that, when the action against the vendor is founded on the *fraud* and not on the *warranty*, evidence of a warranty without fraud will not support the action. That language of the Court in *New-York* directly opposes the instruction to the jury in the present cause. The plaintiff here refers us, for a contrary opinion, to the case of *Williamson* v. *Allison*, 2 East, 446. That was an action on the case in *tort* for a breach of warranty, and not only a warranty but the *scienter* was alleged in the declaration. The Court there correctly decided that proof of the warranty was sufficient; and the reason of that decision is, that the warranty and not the *scienter* was considered to be the *gist* of the suit. But the case which we are now to determine is of a different character. Here there is no warranty laid, and the *scienter* is described as the foundation of the action. The consequence is, that the *scienter* must be proved, or the plaintiff must fail. The Court erred in giving the instruction of which the defendant complains. They erred, also, in refusing to give the instruction which was asked for by the defendant.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*G. Holland* and *C. B. Smith*, for the appellant.
*C. H. Test* and *S. W. Parker*, for the appellee.