May Term, 1861.

ZEHNER v. KEPLER.

therefore, necessary to inquire as to the effect of the statute quoted.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. H. Stotzenburg* and *T. M. Brown*, for the appellant.
*J. Collins* and *A. B. Collins*, for the appellee.

---

ZEHNER and Another *v.* KEPLER.

Where the Court permits improper testimony to be given to the jury, and afterward corrects the error, and instructs them to disregard the evidence, the parties are not injured.

If a complaint upon a promissory note is answered by affirmative pleas, in avoidance, and not by denial, the plaintiff is not required to give the note in evidence; but the damages may be assessed by computing the interest on the note, as copied in the complaint.

If a representation made by a vendor of goods is not known by him to be false, or is not used with intent to deceive, it will not amount to fraud, although really false; but the misrepresentation of a fact known by the party making the statement to be untrue, amounts to a fraud in law, if the misrepresentation be naturally calculated, or be expressly intended, to induce a person to act thereon, so that he may be prejudiced.

There are probably cases which form exceptions to these rules—cases where a party may rescind a contract for false representations not known to be false by the party making them.

Where one paragraph of a complaint is answered by affirmative matter in avoidance, only, and the other is denied, the burden of the issue is upon the plaintiff; but if *no* evidence is given in support of the paragraph denied, the court may award the opening and closing of the argument to the defendant.

Thursday, June 6.

APPEAL from the *Wayne* Common Pleas.

WORDEN, J.—Suit by *Kepler* against *Zehner* and *Custer* The complaint contains two paragraphs. The first is upon a note made by the defendants to one *Jacob Starr*, and by him indorsed to the plaintiff. The second is in the nature of the common counts, for money had and received, and for goods sold and delivered. The defendants answered the second paragraph by general denial. There was no denial

pleaded to the first paragraph, but to that the defendants answered: *First.* That *Zehner* was principal and *Custer* only surety upon the note. *Second.* That the note was given for a horse bought by *Zehner* of *Starr*, which was warranted by *Starr* to be sound, and a breach of the warranty is alleged. *Third.* That the note was given for a horse bought by *Zehner* from *Starr*, and at the time of the sale the horse was unsound and crippled, &c., which was well known to *Starr*, and that *Starr* falsely and fraudulently represented to *Zehner* that the horse was sound, and fraudulently concealed the unsoundness, &c. Replication in denial. Trial by jury; verdict and judgment for the plaintiff.

The defendants appeal, and assign several errors; such of which as are relied upon in the brief of counsel will be noticed.

The first error complained of is, that the Court permitted the note to be given as legitimate evidence under the second paragraph of the complaint. The bill of exceptions informs us that such was the fact, but it also informs us that the Court afterward corrected the error, by determining that the note was not proper evidence under that paragraph, ruling it out, and instructing the jury that it was not evidence tending to prove that paragraph. We do not perceive that the defendants were injured by the error, which was thus promptly corrected by the Court below.

The Court gave the following charges to the jury, which are claimed to be erroneous:

1. "There are two paragraphs in the complaint in this case. The first is on a promissory note therein copied. The defendants' answers to this paragraph are such that the note and the assignment thereof stand confessed, and your verdict should be for the plaintiff for the full amount of the note, with interest at the rate of 6 per cent. per annum, unless the defendants have succeeded, by a fair preponderance of the evidence, in establishing the truth of the second or the third clause of their answer."

6. "In the third clause of the defendants' answer, they allege that the plaintiff (*Starr?*) made certain false and fraudulent representations about the horse. A fraudulent representation, to entitle a party to defend successfully, must be false,

May Term,
1861.

ZEHNER
v.
KEPLER.

and known to be false by the seller, at the time it was made, and be about a material part of the contract, and be relied on by the buyer. If there has been such representations in this case, the defendants had their election of one of two remedies; first, they had a right to tender the horse back to the seller, within a reasonable time after they discovered the fraud; and in that case, the plaintiff could not recover any thing: or, second, they might retain the horse, and claim a deduction from the note equal to the amount of damages which they have sustained by the fraud."

The defendants asked, and the Court refused, the following instruction: "That inasmuch as there was no evidence given to the jury under the first paragraph of the plaintiff's complaint, they can only find a nominal sum for the plaintiff under that paragraph."

The objection made to the first instruction given, and to the refusal of the Court to give the one asked by the defendants, goes upon the theory that the note was not offered or given in evidence under the first paragraph of the complaint. The record does not contain the evidence, nor does it appear, except by mere inference, but that the note described in the complaint was given in evidence under the first and proper paragraph.

A bill of exceptions shows that the plaintiff produced, and proved the execution of the note, and the indorsement thereof, and gave it in evidence under the second paragraph, and that it was afterward ruled out, as incompetent under that paragraph; but what was done afterward, or whether it was offered under the proper paragraph does not appear. But we will examine the charges on the assumed theory that the note was not given in evidence at all. The appellants claim that unless the note was given in evidence, nominal damages only could be recovered on the first count; and the objection to the first charge given is, that the jury were told that their verdict should be the amount of the note and interest, unless the defense was made out. We have seen that the execution and assignment of the note were admitted, because not denied, by the pleadings.

What necessity was there for the introduction of the note?

It was not material to any of the issues formed. Had there been no pleadings in the cause except the first paragraph of the complaint and the answer thereto, the burden of the issues would have been upon the defendants, and they would have been entitled to open and close, because the plaintiff would not have been required to introduce any evidence in order to make out his case. The failure to controvert the making and assignment of the note, as alleged in the complaint, was an admission of those facts, and for the purpose of assessing damages, nothing further was necessary than to compute the interest due upon the note as copied in the complaint. To be sure, the statute provides that allegations of value, or amount of damages, shall not be considered as true by a failure to controvert them. Code, § 74. This provision, however, has no application to the case here. The jury, in assessing damages, look not to the amount of damages laid in the complaint, but to the note as copied in and made a part of the complaint.

We are of opinion that there was no necessity, under the pleadings, for the introduction of the note in evidence, in order to entitle the plaintiff to recover the amount due thereon for principal and interest; and therefore, that there was no error committed by the Court, in giving the one and refusing the other charge.

The sixth charge, above set out, is claimed to be erroneous, because the jury were advised that the false representations, in order to be available as a defense, must have been known to be false by the party making them. It is claimed that they were " equally a fraud, whether known to be false or not; that the individual who asserts a thing ought to *know* it to be true and ought to make it good."

The law in this respect, as laid down in the charge given, is beyond doubt, as a general rule, correct. Thus, it is said by an elementary writer: " If the representation be not known to be false by the utterer of it, or be not used with intent to deceive, it will not amount to fraud, although really false." Smith on Cont., p. 152.

Again : " But the misrepresentation of a fact *known* by the party making the statement to be untrue, amounts to a fraud

in law, if the misrepresentation be naturally calculated, or be expressly intended, to induce a person to act thereon so that he may be prejudiced. Chitty on Cont., Perk. Ed., p. 683; *vide*, also, 2 Greenl. Ev., § 230, *a*; 2 Stephens' *Nisi Prius*, 1284, 1286; *Stanley* v. *Norris*, 4 Blackf. 353; *Humphreys* v. *Comline*, 8 *id.* 516; *The State Bank* v. *Hamilton*, 2 Ind. 457. There may be, and probably are, cases which form exceptions to the general rule thus stated,—cases where a party may rescind a contract for false representations not known to be false by the party making them. *Vide, Gatling* v. *Newell*, 9 Ind. 572.

The evidence not being before us, we must presume that the charge given was correct, as applied to the particular case made by the evidence.

The next and last objection is, that the Court refused to give the defendants the opening and closing of the argument. A bill of exceptions shows that upon the closing of the testimony, the counsel for the defendants claimed the right to open and close the argument, but this right was awarded to the plaintiff. The statute provides, that "In the argument, the party having the burden of the issue, shall have the opening and closing." Code, § 326.

Here, the burden of the issue formed on the second count in the complaint was on the plaintiff; he, therefore, so far as the pleadings show, was entitled to open and close. *Jackson* v. *Pittsford*, 8 Blackf. 194. We suppose that had the plaintiff offered no evidence in support of his second paragraph, a reasonable interpretation of the statute would have entitled the defendants to open and close the argument. It would not seem to be consistent with the evident intention of the Legislature, that a plaintiff, by setting up an entirely fictitious claim, having no evidence to support it, in connection with a real one, to which an affirmative defense only is offered, should obtain the advantage of opening and closing the argument, upon issues the burden of which rests upon the other party. In such case, upon the close of the evidence, the plaintiff having offered no testimony in support of the issue resting upon him, it would seem to be eminently proper for the Court to award the opening and closing of the argument to the defendant.

May Term, 1861.

If any evidence at all is given to the jury, having a tendency to support the issue devolving upon the plaintiff, he would, of course, be entitled to have it passed upon by the jury, and to open and close the argument. Otherwise not; and this may properly be determined by the Court. *Crookshank* v. *Kellogg*, 8 Blackf. 256. In the case before us, it does not appear that the plaintiff offered no evidence in support of the second count of his complaint, and we therefore must presume in favor of the ruling, that he did. It appears that the note was received under that count, and afterward excluded. So far there was no evidence. The bill of exceptions shows that the plaintiff offered a witness, and proved by him the execution and assignment of the note, and gave the same in evidence as above stated; the defendants thereupon cross examined the witness, and " the plaintiff upon re-examination, attempted to prove by the witness the allegations in the second paragraph." How far he succeeded in the attempt thus made, or what facts were elicited, does not appear; nor do we think that the conclusion is negatived, that the plaintiff may have offered other testimony in support of the second paragraph.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*O. P. Morton* and *J. F. Kibbey*, for the appellee.