SHAW and Another, Administrators of SLOCUM *v.* BARNHART.

Where there are two paragraphs in a complaint, to one of which affirmative answers only are pleaded, while the other is denied, if the plaintiff introduces any evidence having a tendency to support the latter paragraph, he is entitled to open and close the argument.

If the jury find for the plaintiff, upon one paragraph of his complaint, and do not, in terms, find upon the other paragraph, the plaintiff, having introduced evidence in support of the latter, and taken judgment on the verdict, will have as effectually precluded himself from bringing another suit for the same matter, as if there had been an express finding against him on the other paragraph.

In cases where there are several issues, any one of which being found for the defendant would defeat the plaintiffs' right to recover, all the issues must be found for the plaintiff, or he can not recover.

A party can not repudiate a contract on the ground of fraud and, at the same time, retain the benefits derived from it; but must, when he discovers the fraud, restore, or offer to restore, to the other party, what he has received, and failing to do this, he affirms the contract.

APPEAL from the *Wabash* Common Pleas.

WORDEN, J.—*Barnhart* sued *George Slocum* upon a promissory note made by the latter to the former, and also upon an agreement for the leasing of some land. Issue; trial by jury; verdict and judgment for the plaintiff.

*Slocum* having deceased, since the rendition of the judgment, his administrators appeal, and assign eighteen errors. The first and second of which relate to the ruling of the

*Saturday, November 30.*

Nov. Term,
1861.

SHAW
v.
BARNHART.

Court in sustaining demurrers to the first and second paragraphs of the defendant's answer. We have not examined these paragraphs critically, with a view to their sufficiency, because there were other paragraphs of the answer, on which issues of fact were formed, under which the matters alleged in the first and second could have been proven, and under which the evidence was received. Hence, although the first and second paragraphs might be good, the defendant suffered no injury by the ruling. Ind. Dig., § 253, p. 658.

The third and fourth errors relate to the ruling of the Court in giving the plaintiff the opening and closing of the case, in the introduction of the evidence, and the argument of the cause to the jury. There were two paragraphs in the complaint. To the first the answers were affirmative; but to the second the general denial was pleaded, which threw the burden of proof upon the plaintiff, and entitled him to open and close the evidence. The plaintiff introduced some proof tending to sustain his second paragraph, and, hence, he was entitled to open and close the argument. *Vide Zehner* v. *Kepler*, 16 Ind. 290.

The fifth and sixth errors are, that the Court erred in overruling motions for a new trial, and in arrest of judgment. All the residue of the errors assigned, relate to the ruling of the Court in giving and refusing instructions.

The jury found for the plaintiff on the first paragraph of his complaint, and assessed as damages the amount due upon the note therein described; but did not find, in terms, upon the other paragraph. This was one of the grounds of the motion for a new trial, and the only ground of the motion in arrest.

Regularly, the verdict should respond to all the issues which the jury are sworn to try. But we think no error was committed in this respect of which the defendant could complain. The plaintiff recovered nothing upon his second paragraph, and if the defendant was injured by the fact that the jury did not specially find upon it, it must be because the verdict and judgment will be no bar to another suit brought for the same matter. We are inclined to think, though this point we do not decide, that a verdict in favor

of a plaintiff upon one paragraph of his complaint, without noticing the others, should be construed as equivalent to a finding against him on the others. But however this may be, it seems clear enough that the plaintiff, having offered evidence in support of his second paragraph, and having taken judgment on the verdict as it stood, has precluded himself from bringing another action for the matter embraced in his second paragraph, as effectually as if there had been an express finding against him on that paragraph.

The case is entirely different from those where there are several issues, any one of which being found for the defendant, would defeat the plaintiff's right to recover at all. In such cases, all the issues must be found for the plaintiff, or he can not recover. One good defense, going to the whole cause of action, is as good as a score; and if any one of such defenses remain undetermined, the plaintiff can not have judgment, though all the rest be found for him.

We come now to the merits of the case, as involved in the motion for a new trial.

The note sued upon, and upon which the recovery was had, was given under the following circumstances.

The defendant had leased to the plaintiff a certain piece of land, containing about forty acres, for a year, or perhaps longer. Twenty-four acres of the land were to be sown with wheat, for which the defendant was to furnish one half of the seed. The residue of the land was to be planted with corn, the next season. The plaintiff went on and sowed the wheat, according to the terms of the contract. By the terms of the lease, the plaintiff was to have one half the grain to be raised on the premises, and the defendant was to build a house thereon for the use of the plaintiff. Some misunderstanding and controversy arising between the parties, they agreed between themselves to rescind the lease, and that the defendant should pay the plaintiff the reasonable value of the plaintiff's share of the twenty-four acres of wheat, and all reasonable expenses, and the damages, if any, which the plaintiff had sustained by reason of the lease. The parties not agreeing on the amount to be paid, they left it to the

determination of two men, agreed upon between them as arbitrators, who awarded that the defendant should pay to the plaintiff two hundred and fifty dollars. For this amount the note was given. It is alleged by the defendant, and there is testimony having some tendency to prove it, that the award was fraudulent, and procured through corruption and collusion between the plaintiff and one of the arbitrators; which, it is alleged by the defendant, was unknown to him until after the giving of the note.

The consideration of the note was, undoubtedly, the surrender of the lease, &c.; the amount, however, was determined by the arbitrators. Now, however fraudulent the note may have been, or by whatever fraudulent means it may have been procured, the defendant could not, at the same time, repudiate the contract on the ground of the alleged fraud, and retain the benefit derived from it. He took back and retained the premises which he had leased to the plaintiff, and harvested and appropriated the wheat sown by the plaintiff, and also retained nineteen and one half bushels of wheat, which the arbitrators awarded that the plaintiff should return to the defendant, he having furnished that amount for seed, and which the plaintiff had returned accordingly.

There was a sufficient consideration to uphold the note. The note was valid for the whole amount, or, if fraudulently procured, was voidable, at the option of the defendant. When he discovered the fraud, it was his duty, if he designed to take advantage of it, to rescind the contract, and restore, or offer to restore, to the plaintiff, as far as possible, what he had received. By neglecting to do this, he affirmed the contract, and can not now avoid it. Says Mr. *Chitty*, "The election on the part of the defrauded party to rescind the contract, must be exercised as soon as the fraud is discovered; and if after the fraud practiced upon him has come to his knowledge, he deals with the subject matter of the contract, he can not repudiate the contract, although he subsequently discovers further circumstances connected with the same fraud." Chitty on Cont. p. 680; *Gatling* v. *Newell*, 9 Ind. 572, and authorities there cited.

The verdict is so clearly right upon the evidence, in view <span>Nov. Term,</span> of the position above discussed, that it is unnecessary to <span>1861.</span> examine the charges given, or those refused.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Orris Blake* and *L. H. Goodwin*, for the appellants.

*J. D. Conner*, for the appellee.