# IN GENERAL TERM.

JOHN A. DeFORD, Appellant, *v.* JOHN F. C. URBAIN.

*Contract, recision of—Agreement, performance of.*

Where an agreement contains no specified time for its performance, its execution must be within a reasonable time. Failing to carry out its provisions, to entitle either party to recovery for breach, a tender must be made of the consideration, on the one part, or demand for the performance of the contract on the other.

A party who seeks to rescind a contract, must return, or offer to return, whatever consideration he has received on the contract, or at least put the parties *in statu quo,* as nearly as the fraud, of the opposite party will permit.

The provisions of Sec 25, of the Act creating the Superior Court, in the determination of cases in the General Term, gives a discretionary power to enter, affirm, reverse, or modify the decision made ·in Special Term, and accordingly the Court in General Term, may settle the rights

of the parties, on appeal, by a discretionary order to the Judge, before whom the case was heard in Special Term.

*Heller — Taylors*, for appellant.

*Mitchell & Ketcham*, for appellee.

RAND, J.—This was a suit in replevin for a portable saw mill, brought by plaintiff against defendant, in which he alleges that he is the owner, and entitled to the possession.

Defendant filed an amended answer in paragraphs numbered 2d, 3d, 4th and 5th.

There was a demurrer sustained to 2d, and one overruled as to 3d, and reply of general denial to 3d, 4th and 5th, and a trial and verdict on the issues raised by these paragraphs for defendant, and judgment for return of the property to defendant was rendered over plaintiffs' motion for new trial; exceptions were taken; the evidence is made part of record. Plaintiff appeals to General Term, and assigns for error the overruling of demurrer to 3d paragraph of answer, and also error in overruling motion for new trial.

The *third* paragraph alleges that plaintiff's sole claim to the portable saw mill is under and by virtue of a certain written contract, which is made part of the paragraph, and that plaintiff has failed and refused to carry out his part of said pretended contract, and he says that there is a total failure of consideration to the defendant.

Said written contract reads as follows :

" Articles of agreement made and entered into this 28th day of March, 1871, between John F. C. Urbain, of Marion County, Indiana, of the first part and John A. DeFord, of Marion County, Indiana, of the second part.

" Witnesseth that the party of the first part, for and in consideration of eighty acres of land situated in the County of Newton, State of Indiana, and three hundred dollars, has this day sold his steam circular saw mill in Lawrence town-

ship, Marion County, Ind., and the appurtenances thereunto belonging, and in consideration of the above, the party of the second part agrees to give a good and sufficient warrantee deed to eighty acres of land in Newton County, Ind., and pay the sum of two hundred dollars in cash, and one hundred dollars on the 1st of September, 1871, with 10 per cent. interest from the date of this agreement. Witness our hands and seals this 28th day of March 1871.

J. F. C. URBAIN.

JOHN A. DEFORD."

It will be observed that no time is specified when the mill is to be delivered, or the deed for the 80 acres of land made, and the $200 in cash paid.

According to well settled principles, such a contract, if not immediately performed, must be in a reasonable time, and the act of delivering the saw mill, and the delivery of the deed for the 80 acres, and the payment of the $200 in cash, are concurrent acts.

It seems to us if the plaintiff had failed to perform his part of the contract, he was in no condition, without first tendering a performance on his part, to demand a delivery of the mill. We think the *third* paragraph of the answer was a bar to the plaintiff's recovery, and the demurrer was properly overruled.

The *fourth* paragraph of the answer sets out that the only claim plaintiff has to said saw mill is under the said written contract, and that plaintiff fraudulently represented that he had good title to the 80 acres of land in Newton County, was the owner in fee-simple, and that it was free from incumbrances, and defendant relying on said representations, executed said contract, when in fact plaintiff had no title whatever, at the time or since, to said 80 acres, and plaintiff's representations were wholly false and fraudulent.

The *fifth* paragraph of the answer alleges that plaintiff claims title to said saw mill by and under said contract, and

that said contract was obtained through fraud in this, that plaintiff represented that said 80 acres of land was well suited for agricultural, and farming purposes, when in truth it was not suitable for such purposes, and is almost entirely covered with water, and not fit for any purpose whatever, and what is not covered with water is a swamp, and defendant relying upon said representations, entered into said written contract.

On the trial of these issues, it was proved that Jacob P. Dunn had contracted to convey to a certain Gravel Road Company 80 acres of land in Newton County, and said Company had agreed to convey to plaintiff, 80 acres of Newton County land, and by agreement between Dunn, said Company, plaintiff and defendant, that Dunn should convey to defendant 80 acres of land in Newton County, in fulfillment of DeFord's agreement to convey 80 acres to defendant, and therefore Dunn and wife made defendant a warrantee deed, which defendant accepted, in fulfillment of that much of DeFord's contract with him, and at defendant's request, Dunn sent the deed to Newton County, and had it recorded for defendant.   It also satisfactorily appears that before the bringing of this suit, that plaintiff tendered defendant the $200 cash, mentioned in the contract, and demanded possession of the saw mill.

It appears, as well as shown by the evidence, that Dunn never had any title to said 80 acres conveyed by him to defendant, and also that the land is worthless for farming purposes, that its market value is $1.00 per acre, and that Urbain never took actual possession of it.

There is no evidence that defendant at any time tendered a reconveyance of said 80 acres to either Dunn, the said Company, or plaintiff, and we are satisfied that the verdict is right, unless it was necessary that defendant should have made such tender

The motion for a new trial is for three causes—

*First*, The verdict of the jury is not supported by the evidence.

*Second*, That the charge of the Court to the jury was contrary to law.

*Third*, The Court erred in admitting improper evidence, which was excepted to at the time.

There has been no error urged, or pointed out under this last specification, and we shall not consider it further.

In order to dispose of the other two causes for a new trial, it will be necessary to determine whether Urbain, before he could successfully resist plaintiff's suit for possession of the saw mill, should have tendered a reconveyance of the 80 acres to either Dunn, or DeFord.

DeFord's suit was in the nature of an action for specific performance of the contract, and Urbain was seeking a rescision of the same.

DeFord had undertaken to perform that part of the contract which bound him to make a good and sufficient deed to 80 acres of land in Newton County, and had performed it in such a manner that Urbain had accepted a conveyance from Dunn in full discharge of that part of the contract. But it turns out that Dunn had no title to the land he conveyed to Urbain, and that the land was worthless for agricultural, or farming purposes.

Defendant had an election, either to tender a reconveyance of the land, and rescind the contract, or he could stand by the contract, and sue upon Dunn's warrantee in this deed, so far as the defense of want of title is concerned.

If defendant can successfully defend this suit without tendering a reconveyance to plaintiff, or Dunn, he succeeds in rescinding the contract. DeFord could not at this late day tender him a deed for another 80 acres of Newton County land, and then force Urbain to execute the contract.

He still holds Dunn's warrantee deed for the 80 acres of

land, and if the verdict and judgment stand, the contract is rescinded.

It is urged that he could not recover against Dunn upon the warrantee if he rescinded the contract. This may be true. But how is DeFord to have his remedy over against the Gravel Road Company, and that Company against Dunn. Dunn might well say: By agreement with you all, I conveyed to Urbain by·warrantee deed, and so long as that warrantee is out, I will not convey to you that, or other land.

It is a well settled rule in equity, that a party who seeks to rescind a contract, must return, or offer to return, whatever he has received on the contract, or at least put the parties *in statu quo,* as nearly as the fraud of the opposite party will permit. *Mason* v. *Bovet,* 1 Denio, 69.

We think the Judge trying the case should, before he rendered judgment for the return of the saw mill to defendant, request him to execute and file in this cause a deed of quit claim to plaintiff, for the 80 acres of Newton County land, conveyed to defendant by Dunn, and upon his failure to do so, that a new trial should have been granted.

A portion of the 25th Section of the Act, creating this Court, reads as follows:

" The appeal shall be heard and considered in the General Term, upon the original papers and records filed, and made in the cause at the Special Term, and such matters as are properly made part thereof by bill of exceptions; it may affirm or reverse the judgment of the Special Term, or modify it, or render such judgment as may ·be deemed proper. It shall, if the judgment of the Special Term is not affirmed, enter of record the error, or errors found there, and remand said cause to the Special Term, with instructions as to said error, or errors, and the Special Term shall carry into effect the instructions of the General Term."

Under these provisions of the law, organizing this Court,

we think we have full power to settle the rights of the parties herein, according to the rules and principles of equity.

The cause is therefore reversed, back to, and including the rendition of the judgment, and the Judge at Special Term is directed to enter an order requiring defendant to execute a deed of quit claim to plaintiff, for the 80 acres of Newton County land aforesaid, in which defendant's wife, if he has one, must join, within twenty days from the entering of such order, and place the same on file in this suit, for the benefit, and acceptance of plaintiff, and upon his complying with such order, the Judge at Special Term is then directed to enter judgment, on the verdict of the jury, in conformity to law, and upon said defendant's failing to do so, then the Judge at Special Term is ordered to grant plaintiff a new trial.

Plaintiff is decreed costs in General Term.

NOTE.—A party can not repudiate a contract on the ground of fraud, and at the same time retain the benefits derived from it, but must, when he discovers the fraud, restore, or offer to restore, to the other party, what he received. Failing to do this, he affirms the contract. 17 *Ind.*, 183.

The election on the part of the defrauded party to rescind the contract, (the consideration, a note), must be exercised as soon as the fraud is discovered, and if after the fraud practiced upon·him has come to his knowledge, *he deals with the subject matter of the contract,* he can not repudiate the contract, although he subsequently discovers further circumstances connected with the same fraud. *Chitty on Con racts,* 680.

When a contract stipulates for the conveyance of lands, or estate, or for a title to it, performance can be made only by the conveyance of a good title, and when it stipulates only for a deed, or for a conveyance by a deed described, performance is made by giving such a deed, or conveyance as the contract describes, however defective the title may be. *Hill* v. *Hobart,* 15 *Maine,* 164; *Lawrence* v *Dale,* 11 *Vermont,* 549; 22 *Pick.,* 166.

A contract to make, and execute "*a good and sufficient deed to convey the title to said premises,*" is not performed unless a good title to the land passes by the deed. *Same: Pugh* v. *Chesseldine,* 11 *Ohio,* 109; *Tinney* v. *Ashley,* 15 *Pick.,* 546; *Smith* v. *Haynes,* 9 *Greenl.,* 128; *Tremaine* v. *Lining, Wright,* 644; *Bacon* v. *Gammon,* 14 *Maine,* 276.

The party must be able to convey such a title as the other party had a right to expect. 11 *Vermont,* 549.

DeFord *v.* Urbain.

If a contract, or order, under which goods are to be furnished, does not specify any time at which they are to be delivered, the law implies a contract, that they are to be delivered within a reasonable time, and no evidence will be admitted to prove a specific time at which they were to be delivered, for that would be to contradict and vary the legal interpretation of the instrument. *Crocker* v. *Franklin Hemp and Flax Manufacturing Co.*, 2 *Sumner*, 530.

What is a reasonable time, within which a contract is to be performed, where the contract is silent on the subject, is a question of law. 2 *Greenl.*, 249; 15 *Maine*, 350; 16 *Maine*, 164. And it is to be determined by a view of all the circumstances of the case. 3 *Sumner*, 530; 3 *Johns. Ch.*, 23; 3 *Penn.*, 445; 22 *Pick.*, 546.

A person is not bound to perform an agreement on Sunday. 1 *Cowen*, 75, *and Chitty on Contracts*, 738, *n., and et seq.*

Where no time is fixed in the contract, or by other agreement between the parties, either express, or implied, for the doing of a thing, a request is essential to the cause of action. 24 *Vermont*, 660.

"Where the acts to be done by each party, are to occur at the same period, neither party can sue on the contract, without showing that he was ready, and willing to perform his part thereof." *Chitty on Con.*, 746; 1 *Cushing*, 279; 3 *Wend.*, 356; 3 *Rand.*, 71.

A party can not rescind a contract, and at the same time retain the con sideration in whole, or in part, which he has received under it. *Jennings* v. *Gage*, 13 *Illinois*, 610; 1 *Metcalf*, 550.

"If the rescinding of a contract has been brought about by the intentional misrepresentations of one of the parties to it, the contract will still bind the party who has deceived the other as to any damage that may ensue to the latter in consequence of the *mala fides.*" *Bruce* v. *Ruler*, 2 *Man & Ryland's Reports*, *K. B.*, 3.