Terre Haute, etc., Traction Co. *v.* Haskett—72 Ind. App. 57.

Generally speaking, this was correct; but as said in *Loehner* v. *North Chicago St. R. Co., supra,* it is subject to a well-defined exception. The facts of the case at bar bring it within the exception to the foregoing rule, and the instruction, in the form in which it was given, was not applicable to the case made by the evidence, and it could only therefore tend to mislead the jury.

The motion for a new trial should have been sustained, and the judgment is reversed, with directions to sustain the motion for a new trial and for further proceedings.

---

TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* HASKETT ET AL.

[No. 10,134.  Filed December 19, 1919.]

1. APPEAL.—*Questions Reviewable.—Failure of Jury to Find on Issues.*—In an action against an interurban traction company to recover for the negligent killing of horses, where a joint owner of one of the horses was made a defendant to secure a determination of his interest therein, defendant traction company could not complain of the failure of the jury to find on the issue of ownership, not being interested in such issue. p. 60.

2. TRIAL.—*Verdict.—Failure to Find on All Issues.—Sufficiency.*—In an action against an interurban traction company to recover for the negligent killing of horses, where a joint owner of one of the horses was made a defendant to secure a determination of his interest therein, and such joint owner cross-complained against the traction company, a verdict finding for plaintiff and defendant joint owner in specified amounts against defendant company was sufficient in form to authorize a judgment against the railroad, though the jury failed to find on the issue of ownership as between plaintiff and defendant joint owner. p. 61.

3. PLEADING.—*Improper Joinder of Parties.—Time for Objection.*—Any question relative to the improper joinder of parties or splitting the causes of action should be raised before verdict. p. 61.

58          APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Haskett—72 Ind. App. 57.

4. RAILROADS.—*Animals on Tracks.—Action for Injuries.—Instructions.—Care Required.*—In an action against an interurban traction company for the alleged negligent killing of horses on its tracks, a requested instruction that, if the plaintiff's horses, with or without his consent, escaped from his premises and became trespassers upon the public highway, the defendant owed them no duty except not to wantonly injure them after notice or knowledge that they were in position of imminent danger, was erroneous, and was properly refused. p. 63.

5. RAILROADS.—*Animals on Tracks.—Action for Injuries.—Evidence.—Sufficiency to Sustain Verdict.*—In an action against an interurban traction company for the negligent killing of horses on its tracks, evidence *held* sufficient to warrant a finding that defendant's' employes saw the horses and negligently failed to stop the car, or that they were negligent in failing to see the horses in their perilous position and in failing to stop the car. p. 63.

6. APPEAL.—*Questions Reviewable.—Misjoinder of Parties.—Time for Objection.*—The right to question the failure to join proper parties is waived on appeal by failure to present such question in the trial court. p. 64.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Clarence Haskett against the Terre Haute, Indianapolis and Eastern Traction Company and Milton Miller, in which the last-named defendant filed a cross-complaint against his codefendant and plaintiff. From a judgment for the last-named defendant and plaintiff against the traction company, it appeals. *Affirmed.*

*Forkner & Forkner, W. H. Latta, D. E. Watson* and *M. E. Foley,* for appellant.

*Cook & Walker* and *Barnard & Jeffrey,* for appellees.

McMAHAN, J.—Appellee Clarence Haskett was in possession of two horses which were struck and killed by a car operated by appellant. One of these horses was owned by him, and the other he owned jointly with the appellee Milton Miller. Appellee Haskett com-

menced this action against the appellant and Milton Miller to recover damages for the negligent killing by appellant of the two horses. The complaint alleged an ownership of one and the joint ownership with Miller of the other horse. Miller was made a defendant to the complaint in order that there might be a complete determination and settlement of the questions involved and to answer as to his interest. Appellee Miller filed a cross-complaint against the appellant and Haskett admitting that Haskett was the owner of the one horse and alleging that he and Haskett were the joint owners of the other, and asking damages from the appellant on account of the alleged negligent killing of the horse owned by the appellees jointly. Haskett was made a defendant to the cross-complaint so that there might be a determination and settlement of the question involved and to answer as to his interest. Haskett filed an answer to the cross-complaint, admitting the facts therein alleged, and appellant filed an answer of general denial to the complaint and cross-complaint. There was a trial by jury. The jury returned a verdict reading as follows: "We, the jury, find for the plaintiff, Clarence Haskett, against the defendant, Terre Haute, Indianapolis and Eastern Traction Company, and assess his damages at $285.00, and find for the cross-complainant, Milton Miller, upon his cross-complaint, against the defendant, Terre Haute, Indianapolis and Eastern Traction Company, and assess his damages at $95.00."

Later in the term, and after the discharge of the jury, appellant filed a motion for a *venire de novo,* for the reasons that the verdict does not pass upon all the issues, and that it failed to find upon the issues be-

60      APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Haskett—72 Ind. App. 57.

tween the appellees, and leaves the question of the ownership of the horses undetermined. It also on the same day filed its motion for judgment notwithstanding the verdict because: (1) The verdict is insufficient; (2) that a cause of action in favor of plaintiff could not be joined with a cause of action in favor of plaintiff and Miller in the same paragraph of complaint; (3) that Miller was not a proper defendant except upon an averment that he refused to join as plaintiff; (4), the law did not authorize joint owners of property to split up a cause of action and recover several judgments. Appellant also on the same day filed its motion for a new trial, the specifications therein being that the verdict of the jury (1, 2, 3) is not sustained by sufficient evidence; (4) is contrary to law; (5) in refusing and in giving instructions; and (6) that the amount of recovery for plaintiff is too large. Each of said motions was overruled and exceptions saved.

Appellant contends that the verdict fails to find upon the issues between the appellees as to the ownership of the two horses, and that the motion for a *venire de novo* should have been sustained. If appellant was injured by reason of the fact that the jury failed to find upon any issue between the appellees, it must be because the verdict and judgment will be no bar to another suit brought for the same matter.

Appellee Hasket in his complaint alleged that he was the owner of one of the horses killed, and that he and appellee Miller each owned a one-half interest in the other. Miller in his cross-complaint alleged the same state of facts. The jury by their verdict found in favor of appellee Haskett and fixed his damages at $285. It also found in

favor of appellee Miller against appellant, and fixed his damages at $95.  It is clear both on principal and authority that neither appellee could hereafter main-tain any action against appellant on account of the killing of the horses mentioned in the complaint and cross-complaint.  If there is an undisposed of issue, it is an issue between the appellees in which appellant is not interested, and, not being interested, it is in no position to complain because of a failure of the jury to find upon such issue.  *Shaw* v. *Barnhart* (1861), 17 Ind. 183.  There was no error in overruling the motion for a *venire de novo,* nor was there any error in overruling appellant's motion for judgment in its favor notwithstanding the verdict.  The verdict was sufficient in form to authorize the court to render judgment for appellees.  If appellant desired to raise any question relative to the improper joinder of parties or splitting the causes of action, it should have done so before verdict.

2-3. Specifications 1, 2 and 3 of the motion for a new trial depend upon the weight of the evidence.  We do not deem it necessary to extend this opinion by re-viewing the evidence.  It is sufficient to say that there is enough evidence in the record from which the jury might have reasonably drawn the conclusion that ap-pellant, in the exercise of ordinary care, could have seen the perilous position of the horses in time to have stopped the car which killed them, but negli-gently failed to do so.  There was also sufficient evi-dence to have warranted the jury in finding that the motorman in charge of the car actually saw the horses and their perilous position in time by the use of reasonable care to have stopped the car and thus pre-vented injuring them.

The appellant complains of the twelfth, thirteenth, fourteenth, fifteenth, sixteenth and seventeenth instructions given by the court on its own motion. The objection to the twelfth is that it contradicts the eleventh instruction, that it is confusing and omits the element of due diligence. The objection to the thirteenth is that it ignores the question of contributory negligence; that it fixes appellant's liability on the question whether the appellant's employes saw or could have seen the horses in time to have stopped without regard to their position or when they were seen. The objection to the fourteenth is that it assumes that appellant's employes saw the horses, and placed upon them an absolute duty to stop regardless of all conditions of time, place or circumstances. The objection to the fifteenth is that it assumes that appellant's employes operating the car indulged in the presumption that the horses would continue at a safe distance, without any evidence, and against the positive evidence of appellant's witnesses, and that it erroneously applied the same rule to trespassing animals as applies to animals lawfully on the highway. The objection to the sixteenth is that "it is peremptory, states no rule of law, or as to liability; that it leaves the jury to read and construe the complaint and cross-complaint, and to determine for themselves the acts of negligence therein alleged." The objection to the seventeenth is that it ignores the condition of the lights and the condition of darkness existing at the time of the injury.

Without setting out these instructions in full, it is sufficient to say that we have examined each and all

NOVEMBER TERM, 1919.    63

Terre Haute, etc., Traction Co. *v.* Haskett—72 Ind. App. 57.

of them and none of them are open to the objections urged against them.

The appellant also contends that the court erred in refusing to give instructions Nos. 5 and 11 tendered by it.

The fifth instruction tendered by appellant is as follows: "If the plaintiff's horses with or without his consent escaped from his premises and became trespassers upon the public highway, the defendant owed them no duty except not to wantonly injure them after notice or knowledge that they were in a position of imminent danger."

The eleventh is as follows: "This case is to be determined by the best evidence, and while it is proper for the jury to infer one fact from other facts proven, yet when such inference is in conflict with the positive statement of a witness which the jury believes credible, such statement is the best evidence as against any inference to the contrary which may exist."

The complaint alleged that the appellant negligently killed the horses. The fifth instruction is erroneous in stating that the only duty appellant owed toward the horses was not to wantonly kill them, and was properly refused. The eleventh instruction tendered by appellant is covered by the ninth instruction given by the court.

Appellant also contends that the verdict is not sustained by sufficient evidence and is contrary to law. In support of this contention appellant says that: "When there is a failure of proof and the evidence is all one way, it is the duty of this court to give the evidence its legal effect"; and that: "In an action against an interurban traction

company operating within the limits of a public high-
way where it cannot lawfully fence its road, based
upon common-law negligence in injuring animals,
proof of injury to the animals shows no cause of
action, and a verdict resting thereon should be set
aside as being contrary to law and not sustained by
sufficient evidence.'' Appellant has made no attempt
to apply these statements to the evidence. The simple
fact that the horses were killed on the railroad track
by appellant would not be sufficient to authorize a
verdict, but, as heretofore stated in discussing the
motion for a *venire de novo,* there was not an entire
failure of proof, and the evidence was not all one way.
The evidence showed that the horses were running
along the side of, and between, the tracks of appellant
for a distance of several hundred feet before they
were struck and killed. Appellee Miller testified that
when the car passed him the horses were between
200 and 300 feet west of that point, that he could see
them, and that he saw them running westward be-
tween appellant's tracks until the car which struck
and killed them was so close to them that it cut off
his view. With this evidence before the jury, they
were justified in finding that the employes of appel-
lant saw the horses and negligently failed to stop
the car, or that they were negligent in failing to see
the horses in their perilous position, and in failing to
stop the car.

The appellant also insists that the verdict is con-
trary to law for the reason that where a joint right
of action exists in favor of two or more persons
6. for a trespass to their property, all must be
joined in an action for damages, and if all
refuse to join, the remedy was lost with the exception

that if a party refuse to join, he must be made a defendant, and his refusal averred in the complaint. If appellant desired to present this question, it should have done so in the lower court. Appellant by its failure to present this question in the trial court has waived it. There was no error in overruling the motion for a new trial.

Judgment affirmed.