Dudley *et al. v.* Pigg.

## DUDLEY ET AL. *v.* PIGG.

[No. 18,360.   Filed Dec. 9, 1897.   Rehearing denied Jan. 28, 1898.]

WILLS.—*Election by Widow.—Complaint to Set Aside Election.—Sufficiency.—Exhibit.*—In an action to revoke and cancel an election made by a widow to take under the will of her deceased husband it is not necessary that a copy of such election be filed with the complaint as an exhibit.  *p. 364.*

SAME.—*Election by Widow to Take Under the Law.—Statute Construed.*—Under section 2666, Burns' R. S. 1894, the widow of a person dying testate takes under the will, unless within one year after the probate thereof she makes her election to take under the law, and the mere execution of an election to take under the will will not estop the widow from maintaining an action, within the time allowed by law for such election, to revoke or cancel the election so made and filing her election to take under the law.  *pp. 367, 368.*

APPEAL AND ERROR.—*Bill of Exceptions.*—A bill of exceptions presented to and signed by the judge after the time allowed for filing same, forms no part of the record on appeal.  *p. 368.*

SAME.—*Record.—Bill of Exceptions.—Motion to Strike Out Part of Pleading.*—A motion to strike out part of a pleading, the ruling thereon, and the pleading or the part thereof stricken out, are not in the record, unless brought in by a bill of exceptions, or by an order of court.  *pp. 368, 369.*

SAME.—*Record Imports Absolute Verity.*—The record on appeal imports absolute verity, and where a motion to strike out part of a pleading is not made part of the record by order of court or by bill of exceptions, and the clerk copies into the record the portion stricken out, the Supreme Court cannot disregard such part, but must, unless the proper correction is made by a writ of *certiorari,* consider the pleading as if no part thereof had been stricken out. *pp. 369, 370.*

ESTOPPEL.—*Pleading.—Sufficiency.*—Where an estoppel is relied upon it must be pleaded with particularity and precision, and nothing can be supplied by intendment, and when there is ground for inference or intendment, it will be against, and not in favor of the estoppel.  *p. 371.*

SAME.—*Parties.*—Only parties and their privies are bound by or can take advantage of an estoppel, and one who insists upon the acts of another working an estoppel must show that he acted upon the same, and was influenced thereby to do some act which would result in an injury if the other is permitted to withdraw or deny the act. *p. 371.*

149   363
149   304
150   457
151    81
152   169
152   170
152   198

149   363
154   361
155   181
155   411

149   363
157   533

149   363
158   443

149   363
159   543

149   363
160    10
160   532
160   653

149   363
166   360

From the Sullivan Circuit Court. *Affirmed.*

*Pigg & Brown,* for appellants.

*G. W. Buff* and *W. B. Nesbit,* for appellee.

MONKS, J.—Appellee, widow of Joseph N. Pigg, brought this action against appellants to revoke and set aside an election executed by her to take under the will of said deceased husband. A demurrer to the complaint was sustained, and, an additional paragraph of complaint being filed, a demurrer to the same was overruled. An answer in three paragraphs was filed, to the second and third of which a demurrer for want of facts was sustained. Final judgment was rendered in favor of the appellee.

The errors assigned, and not waived, call in question the action of the court in overruling the demurrer to the additional paragraph of the complaint, and in sustaining the appellee's motion to strike out a part of the second paragraph of answer, and in sustaining appellee's demurrer to the second and third paragraphs of answer.

The first objection urged to the additional paragraph of complaint is that no copy of the election to take under the will is filed with said paragraph. As this action is not founded upon the election, but is to revoke, cancel, and set the same aside, it was not necessary to file the same, or a copy thereof, as an exhibit, with said paragraph of complaint; and, if the same had been so filed, it would not be a part thereof, nor could it be considered in determining the sufficiency of such paragraph. *Gum-Elastic Roofing Co.* v. *Mexico Publishing Co.,* 140 Ind. 158, 160-161, 30 L. R. A. 700, and cases cited; *Johnson* v. *Moore,* 112 Ind. 91; *Barkley* v. *Tapp,* 87 Ind. 25, 27; *Stout* v. *Stout,* 77 Ind. 537, 540; *Heitman* v. *Schnek,* 40 Ind. 93, 97, and cases cited.

Dudley *et al. v.* Pigg.

It is alleged in the additional paragraph of complaint: That the will of said testator, Joseph N. Pigg, was admitted to probate December, 1896. That after the death of said testator, when the contents of said will were made known to appellee, she declared to the heirs and legatees that she would not accept the provisions of said will, but would make her election to take under the laws of the State of Indiana. "That thereupon the legatees and heirs, when they learned of the plaintiff's desire so to elect to take under the law, began a course of conduct to persuade and induce the plaintiff to accept the provisions of the will. That at the time the plaintiff was greatly grieved and distressed over the recent loss of her husband, and was not in a suitable condition, physically or mentally, to transact business of the character and nature of the matter in hand, a fact which the said defendants well knew. Said defendants well knowing that plaintiff had great respect for her late husband, deceased, and had always endeavored to comply with his wishes and desires, they then and there told the plaintiff that she ought, in good conscience, to respect the wishes of her said husband, as expressed in said will, as the same affected the disposition of his estate; that to do otherwise would be to show great disrespect and disregard for her late husband's wishes. And, as a further inducement to obtain the execution by this plaintiff of an election to take under the will, said defendants represented to the plaintiff that the provisions made for her were ample, and all that she would likely need, and that they would not disturb her in the possession of the household and kitchen furniture, and she could retain and keep two dozen chickens, household and kitchen furniture, chairs, carpets, dishes, stoves, safes, cupboard, and everything she might desire to keep in the house, together with beds and bedding, hay and

corn for her horse and cow, and such things as would make her comfortable and enable her to keep house without incurring expense for such things as she would need. That this plaintiff, being then aged and greatly grieved and distressed in mind, was more easily influenced than she would have been under other circumstances, facts the defendants well knew, and, not being in a condition, mentally, to comprehend and understand the exceeding meager provisions made for her in said will, was induced by said defendants, by means aforesaid to execute an election to take the provisions made for her in said will, a copy of which election is filed herewith and made a part of this complaint, which said election was so procured to be executed on the 28th day of December, 1896, in ten days after the death of her said husband. This plaintiff now avers that said defendants, at the time they so agreed to leave the plaintiff undisturbed in the ownership, use, and enjoyment of the property and household furniture aforesaid, had no intention of so doing, in case they could induce the plaintiff to elect to take under the will, but, upon the contrary, they expected to take all such property as a part of the estate of said Pigg, deceased, and wholly deprive the plaintiff of the use and enjoyment thereof, which facts were wholly unknown to the plaintiff, and which secret intention was concealed from her and was so done for the fraudulent purpose of procuring the plaintiff so to execute the election to take under the said will, a thing she would not have done in the absence of such promises, statements, and persuasions so made by the defendants. And she now says that when she executed said election she was taken to the town of Sullivan with some of the defendants, and in the stores was importuned to make such election by some of the defendants, and was taken to the office of the attorney

for the executor, and did then, on said day aforesaid, execute said election. And she now says that immediately thereafter the said defendants, including the executor, proceeded to inventory and sell everything in and about the house, including dishes, stoves, carpets, safes, and literally stripping the house of its contents, ˙leaving the plaintiff only one bed and feather tick and two pillows and one old chair." This action was commenced February 15, 1897.

Under section 2666, Burns' R. S. 1894 (Acts 1885, p. 239), the widow of a person dying testate, takes under the will, unless within one year after the probate of such will she makes her election to take under the law. This election must be in writing, signed by the widow, and acknowledged before some officer authorized to take the acknowledgment of deeds, and be filed and recorded in the office of the clerk of the circuit in which such will is probated, and recorded by such clerk in the record of wills. Unless she elects to take under the law, as required by said section, her rights are governed by the will. *Archibald* v. *Long,* 144 Ind. 451, 454, and cases cited; *Burden* v. *Burden,* 141 Ind. 471, 476; *Garn* v. *Garn,* 135 Ind. 687; *Draper* v. *Morris,* 137 Ind. 169; *Fosher* v. *Guilliams,* 120 Ind. 172; Henry's Probate Law and Prac., section 915.

The widow's right to elect within the year to take under the law cannot be barred except by such conduct on her part as will constitute an estoppel. *Burden* v. *Burden, supra,* p. 476; *Garn* v. *Garn, supra,* p. 690. The mere execution of an election to take under the provisions of the will and filing the same with the clerk, as required by statute in making an election to take under the law, will not estop such widow from afterwards making an election as required by the stat-. ute to take under the law. Innocent parties, however, relying on such election by the widow to take under

the will, might be induced so to deal with the property of the testator, as that such widow, as against them, would not be permitted thereafter, although within the year, to make an election to take under the law.  For this reason the widow, after she has filed an election to take under the will, may, within the year, commence and maintain an action to cancel the same, and file her election to take under the law. *Burden* v. *Burden, supra; Garn* v. *Garn, supra;* Henry's Probate Law and Prac., sections 916, 917.  There is nothing in the additional paragraph of complaint showing that appellee, at the time she commenced the action, had done anything to estop her from electing to take her share in the estate of her deceased husband under the law.  On the contrary, it appears that she was aged and feeble, and that on account of the importunities and promises of the heirs and legatees she was induced to make and file, within ten days after the death of her husband, an election to take under the will, when the statute in no way authorized or required such an election.  There was no error in overruling the demurrer to the additional paragraph of the complaint.

Appellee's motion to strike out a part of the second paragraph of answer was sustained on June 5, and thirty days were given in which to file a bill of exceptions.  A bill of exceptions was presented to and signed by the judge on July 19, and on the same day was filed in the office of the clerk of the court below. As the bill of exceptions was presented to the judge more than thirty days after June 5, the same forms no part of the record.  Elliott's App. Proced., sections 802, 805.  The said bill of exceptions not being a part of the record the alleged error of the court in sustaining the motion to strike out a part of said second paragraph of answer is not properly saved, and no question

Dudley *et al. v.* Pigg.

is presented. The ruling of a court in sustaining a motion to strike out a part or all of a pleading, and the pleading or the part thereof stricken out, and the motion to strike out, are not in the record unless brought in by a bill of exceptions or order of court. *Collins* v. *Cornwell*, 131 Ind. 20; *Holland* v. *Holland*, 131 Ind. 196, 200; *McDonald* v. *Geisendorff*, 128 Ind. 153, 156; *Balue* v. *Richardson*, 124 Ind. 480, 481; *City of Seymour* v. *Cummins, Admx.*, 119 Ind. 148, 150, 5 L. R. A. 126; *Board, etc.*, v. *Hill*, 115 Ind. 316, 321; *Laverty* v. *State, ex rel.*, 109 Ind. 217, 225; *Carrothers* v. *Carrothers*, 107 Ind. 530, 532; *Scotten* v. *Randolph*, 96 Ind. 581, 587; *Newcomer* v. *Hutchings,* 96 Ind. 119, 122; *Fellenzer* v. *Van Valzah*, 95 Ind. 128, 132; *Peck* v. *Board, etc.*, 87 Ind. 221, 222; *Klingensmith* v. *Faulkner*, 84 Ind. 331, 333; *State, ex rel.* v. *Krug*, 82 Ind. 58, 60; *Dunn* v. *Tousey*, 80 Ind. 288, 290; *Stanton* v. *State, ex rel.*, 74 Ind. 503, 507; *Stott* v. *Smith*, 70 Ind. 298; *Berlin* v. *Oglesbee*, 65 Ind. 308, 310; *School Town of Princeton* v. *Gebhart*, 61 Ind. 187, 197; *Broker* v. *Scobey*, 56 Ind. 588, 589- 590; *Thomas* v. *Passage*, 54 Ind. 106, 110, 115; *Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424, 426; *Merritt* v. *Cobb*, 17 Ind. 314.

When a part or all of a pleading is stricken out on motion, the clerk in making a transcript for an appeal, should not copy into such transcript the part stricken out, for the reason that the same, after being stricken out, forms no part of the pleading, and is no part of the record, and can only be brought into the record by a bill of exceptions. When, however, the clerk does copy the part stricken out into the transcript as a part of the record, and there is no bill of exceptions showing that the same was stricken out, this court cannot disre-

gard such part, but must, unless the proper correction is made by writ of *certiorari*, consider the pleading as if the same, or no part thereof, had been stricken out. This is the necessary result of the rule that the record imports absolute verity.  In this case the bill of exceptions, which was presented to the judge and signed by him, after the time allowed therefor, and for that reason is no part of the record, shows that the clerk has copied the part of the second paragraph of answer which was stricken out on motion.  As said bill of exceptions forms no part of the record, under the well settled doctrine that the record imports absolute verity, we are required to consider said paragraph as copied into the record by the clerk, for the reason that the record does not show that any part thereof was stricken out.

It is alleged in the second paragraph that appellee "agreed to accept the provisions of the will provided John R. Pigg would relinquish a lease which he then held upon the entire estate then owned by the said Joseph N. Pigg, deceased; that said John R. Pigg, upon the promise of the plaintiff [appellee] to accept the provision made for her by said will, agreed to relinquish his lease, and did so relinquish said lease, and give up his possession; that said John R. Pigg and Joseph N. Pigg owned at the decease of Joseph N. Pigg certain personal property, to wit [describing it], in partnership; that said property was of less value to John R. Pigg after the relinquishment of the lease than before, and that said property was sold February 3, 1897, at public sale of the property of said deceased; that said John R. Pigg would be greatly damaged if plaintiff be allowed to revoke her former acceptance, and now be allowed to take under the law."

It is claimed by appellants that the averments of said paragraph estop appellee from taking under

the law, and it is upon this theory that the sufficiency of said paragraph must be determined.

It is not alleged that John R. Pigg, mentioned in said paragraph, was an heir or legatee of the testator; and there are no facts alleged in said paragraph showing that said John R. Pigg would suffer any damage if said appellee's election to take under the will is set aside, and she is permitted to take under the law. The allegation that he would be greatly damaged thereby is a mere conclusion, not supported by the facts alleged in said paragraph.

The rule is that, where an estoppel is relied upon, it must be pleaded with particularity and precision, and nothing can be supplied by intendment, and, when there is ground for inference or intendment, it will be against, and not in favor of the estoppel. *Troyer* v. *Dyar*, 102 Ind. 396; *Anderson* v. *Hubble*, 93 Ind. 570; *Cole* v. *Lafontaine*, 84 Ind. 446, 448; *Sims* v. *City of Frankfort*, 79 Ind. 446, 452; *Robbins* v. *Magee*, 76 Ind. 381; *Lash* v. *Rendell*, 72 Ind. 475; *Wood* v. *Ostram*, 29 Ind. 177; 8 Ency. of Pl. and Prac., 9-13.

Moreover, it is a well settled rule that only parties and their privies are bound by or can take advantage of an estoppel. *Chaplin* v. *Baker*, 124 Ind. 385, 390; *Cook* v. *Walling*, 117 Ind. 9, 11, 12, 2 L. R. A. 769; *Simpson* v. *Pearson*, 31 Ind. 1, 5-7; 7 Am. and Eng. Ency. of Law, 23; 5 Ency. of Pl. and Prac. 6.

Under this rule, one who insists upon the acts of another working an estoppel must show that he acted upon the same, and was influenced thereby to do some act which would result in an injury if the other is permitted to withdraw or deny the act. *Chaplin* v. *Baker, supra; Simpson* v. *Pearson, supra.*

John R. Pigg was not a party to this action, and appellants, who filed said paragraph of answer, were not

his privies, either in' blood, in estate, or in law, but were strangers to the transaction which is set up in said paragraph as an estoppel. The facts averred in said paragraph do not show that appellants, or either one of them, have in any way been misled or deceived or changed their position, in consequence of the election which appellee seeks to· set aside. It is clear that the second paragraph of answer was not sufficient to withstand appellee's demurrer.

The third paragraph of answer set up an alleged verbal postnuptial agreement that appellee was to have no part of the estate of her husband, Joseph N. Pigg, if she survived him. ' All of the authorities cited to sustain this paragraph of answer are in regard to antenuptial agreements, and can have no application to the facts alleged.

Under the doctrine declared in *Randles* v. *Randles,* 63 Ind. 93, the third paragraph of answer was clearly bad. Finding no available error in the record, the judgment is affirmed.