## HAMMOND v. TOYNE ET AL.

[No. 22,626.   Filed May 1, 1914.]

1. WILLS.—*Election by Widow.—Effect.*—An election by a widow to take under the will of her husband instead of under the statute, executed pursuant to §3043 Burns 1914, Acts 1885 p. 239, unless rescinded or avoided, is binding upon her during life, and, after her death, upon her heirs, hence in the absence of a showing that an electing widow was of unsound mind, or under any legal disability, or that the execution of the instrument of election was procured by fraud or any unlawful means, her heirs are barred from contesting the validity of the will under which she took. p. 586.

2. APPEAL.—*Questions Reviewable.—Assignment of Errors.*—Alleged error in sustaining a demurrer cannot be considered on appeal unless the ruling is challenged by the assignment of errors. p. 586.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Henry Hammond against Thomas Toyne and another. From a judgment for defendants, the• plaintiff appeals. *Affirmed.*

*Weir & Worden,* for appellant.

*Frank E. Osborn, W. A. McVey, Lee L. Osborn* and *H. W. Sallewasser,* for appellees.

MORRIS, C. J.—This was an action by appellant to contest a will, under §3154 Burns 1908, §2596 R. S. 1881. The complaint alleges that a pretended will of Thomas Toyne, Sr., was admitted to probate in October, 1910; that decedent left as his sole heir at law, his widow, Rebecca Toyne, who afterwards, in the year 1910, died intestate, leaving appellant as her sole heir; that by the terms of the pretended will, all of decedent's estate, both real and personal, except a life estate therein given to the widow, was devised and bequeathed to appellee Thomas Toyne; that the pretended will was and is invalid because the decedent, at the time of the execution thereof was of unsound mind, and because the execution of the instrument was obtained by fraud, etc.

Appellees filed an answer in three paragraphs, the first of which is a general denial. The second paragraph alleges that by the terms of the will, decedent devised and bequeathed all his property, real and personal, to his widow, to have and hold during the term of her natural life; that the widow did not, within one year after the probate of the will, make her election to retain the rights in her husband's estate given to her under the laws of Indiana; that on the other hand, after the probate of the will, she elected to take, and accepted, the provisions of the will in lieu of her rights under the law, which election was in writing, signed by her and acknowledged before a notary public and filed in the clerk's office and recorded in the will records of the county. A copy of the widow's election is made a part of the answer. It is also alleged in the answer that appellant was not of kin to decedent, but is a son of decedent's widow, by a former husband. The third paragraph of answer avers the same facts set out in the second paragraph, and in addition thereto alleges that the widow had full knowledge of the mental condition of testator at the time the will was executed and of all the circumstances and conditions under which it was executed, and with said knowledge took possession of testator's estate under the terms of the will, and retained such possession until her death, and, while in such possession, executed her election to accept the provisions of the will.

To each of said second and third paragraphs of answer, appellant filed a demurrer which was overruled, and to which ruling appellant excepted. A reply was filed to the two paragraphs of answer, to which the court sustained appellees' demurrer, and appellant declining to plead further, judgment was rendered for appellees. The only error here assigned is the action of the court in overruling appellant's demurrer to the second and third paragraphs of answer.

It appears that the widow's election to accept the pro-

visions of the will was executed pursuant to the provisions of §3043 Burns 1914, Acts 1885 p. 239. This election, 1. until rescinded, or avoided by some lawful means, was binding on the widow during her life, and afterwards, on her sole heir. It does not appear from the complaint or answer, that the widow was at any time of unsound mind or under any legal disability, or that the execution of the instrument of election was procured by fraud or any unlawful means. *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177; *Burden* v. *Burden* (1895), 141 Ind. 471, 40 N. E. 1067; *Dudley* v. *Pigg* (1898), 149 Ind. 363, 48 N. E. 642. There was no error in overruling the demurrer to the answers. Appellant, in 2. his brief, discusses the alleged error of the court in sustaining a demurrer to the reply. The assignment of errors here, fails to challenge such ruling, and consequently we are not warranted in considering it. There is no error in the record. Judgment affirmed.

Note.—Reported in 105 N. E. 42. As to the election widow has between dower and other provision, see 92 Am. St. 695. As to the effect on third person of widow's election to take against will, see 14 L. R. A. 293. As to the effect of spouse's election to take against will on rest of will, see 27 L. R. A. (N. S.) 602. See, also, under (1) 40 Cyc. 1988; (2) 2 Cyc. 982.