John S. Bloom, Bloom, Bloom & Fleck, Columbia City, for appellants.

Jeanne S. Miller, Miller & Miller, New Haven, for appellees.

## CITIZENS NATIONAL BANK OF WHITLEY COUNTY, and Giovanna Martin, Appellants (Plaintiffs Below),

v.

## Leonard STASELL et al., Appellees (Defendants Below).

### No. 3–280A61.

Court of Appeals of Indiana,
Third District.

Jan. 28, 1981.

## ON PETITION FOR REHEARING

STATON, Judge.

All parties to this petition for rehearing—whether advocating or opposing it—stand uniquely unified on the position that the opinion of this Court in *Citizens National Bank of Whitley County v. Stasell* (1980), Ind.App., 408 N.E.2d 587, is in error. These parties apparently misinterpret our opinion and are confused upon the issues resolved. In the briefs of the parties, a misunderstanding of the law and its application abounds. Therefore, we deem it necessary to briefly expand upon the original opinion in denying this petition.

In making their arguments, both parties seemingly ignore events subsequent to the death of Eva Martin and the probate of her will. These parties argue as though the validity of the will of Eva Martin, and its

probate, were at issue in the trial below. These issues were settled approximately twenty-five years prior to the commencement of this action. Ind.App., 408 N.E.2d at 589.

The undisputed fact in this case is that Charles Martin voluntarily accepted the beneficial provisions under Eva Martin's will. *Id.* It was upon this fact that the resolution of the case rested. The record in this case clearly shows that Charles Martin elected to take under the will rather than under the law. Eva Martin's will made it clear that the 60 acre tract of land here in dispute was devised to Charles Martin for life with the remainder to the children of the brothers and sister of Eva Martin. *Id.* 408 N.E.2d at 592. Charles Martin did not challenge this provision devising the entireties property which Eva Martin, in fact, had no testamentary power over. Neither did Charles Martin, as surviving spouse, "Take Against the Will," Ind.Code §§ 29–1–3–1 to 8 (1976 & Supp.1980), as provided under Indiana probate law. Charles Martin simply accepted the benefits of the will including "substantial benefits" under the residuary clause in addition to the life estate in the 60 acres. Ind.App., 408 N.E.2d at 589.

The issue on appeal was "Whether the trial court properly applied the doctrine of equitable election." *Id.* As noted in our original opinion, there are five essential requirements for the *application* of the doctrine. *Id.* 408 N.E.2d at 592. The fifth requirement listed states that "the beneficiary accepts the other property under the testator's will." *Id.* Once the election is found to have been made, then the doctrine of equitable election and its ensuing equitable principles must be *applied*.

The arguments of the parties to this petition (as well as those made to the original appeal) address issues which would have been appropriate only during the probate of Eva Martin's will. Thus, issues regarding ownership of the property prior to Eva Martin's death and the probate of her will, theories of ademption of gifts under her will, the "ambulatory nature" of her will *versus* her "intent" at the time of execution of the will, and all other such issues should have been raised during the probate of Eva Martin's will. Those issues were settled by Charles Martin "electing" to take under the provisions of that will and are inappropriate in the present appeal.

■ We direct the parties' attention to the case of *Young v. Biehl* (1906), 166 Ind. 357, 77 N.E. 406—noted as well as quoted in our original opinion. Ind.App., 408 N.E.2d at 591. In *Young*, the husband devised— contrary to his wife's interest therein—"entireties" property to his. wife for life with the remainder to his children. The wife took under the provisions of the husband's will, the entireties property as well as other property. Thereafter, the wife sold the entireties property. The purchaser's title was challenged in a quiet title action by the husband's children. In finding for the children, the Court stated:

"It is averred in this complaint that [wife] accepted the provisions made for her in the will of her late husband, and filed no written election to retain her interest in his estate under the law. The intent of a testator being manifest in his will, it is the effort of the courts to make the same effectual; and upon equitable principles no "person will be permitted to hold under a will and at the same time to hold against its provisions. If a legatee or devisee voluntarily accept the beneficial provisions of a will, he must be held to have ratified and confirmed every part of it, and thereafter cannot be permitted to assert any inconsistent right or claim, however well founded, which would defeat the full operation of such will."

166 Ind. at 360, 77 N.E. at 407. The Court held that the wife—having accepted the beneficial provisions under the will—was equitably estopped from asserting title to the land and that the purchaser was in no better position. The doctrine that claims contrary to the provisions of a will are equitably estopped where made by one—or through one—who has accepted benefits under the provisions of that will is too well settled to be disputed. *See, e. g., Hammond v. Toyne* (1914), 181 Ind. 584, 105 N.E. 42;

*Young v. Biehl* (and the cases cited therein), *supra; Haas v. Haas* (1951), 121 Ind.App. 335, 96 N.E.2d 116, *pet. for rehearing denied,* 121 Ind.App. 335, 98 N.E.2d 232.

█ Charles Martin "elected" to take the benefits provided under the will of Eva Martin. Therefore, any party claiming through Charles Martin is equitably estopped from challenging the provisions of that will. One such provision devised Charles Martin a life estate in the disputed 60 acres with the remainder interest to vest in the children of the brothers and sister of Eva Martin. The trial court correctly applied the doctrine of equitable election and quieted title to the 60 acres.

Petition for rehearing denied.

HOFFMAN, P. J., and GARRARD, J., concur in result.