Candace R. Hoover BOHNKE, Appellant (Plaintiff Below),

v.

ESTATE OF Frank E. BOHNKE, Deceased, Appellee (Defendant Below).

No. 4–1182A338.

Court of Appeals of Indiana, Fourth District.

Sept. 28, 1983.

Rehearing Denied Nov. 18, 1983.

---

James R. Grossman, John C. Hoard, Grossman, Boeglin, Gehring, Hood, Fort Wayne, for appellant.

Robert G. Smith, DuWayne W. Herman, Smith, Burry & Herman, Decatur, for appellee.

YOUNG, Judge.

Candace R. Hoover Bohnke brought this action against the estate of her deceased husband, Frank Bohnke (the Estate). She initiated the action by filing a petition to set aside an instrument in which she waived her statutory survivor's allowance [1] and her right to take against Frank's will.[2] At the same time, Candace filed an election to take against the will, under Ind.Code 29–1–3–3. After a hearing, the trial court found that Candace's waiver of her statutory rights was valid and that she was not entitled to revoke it. The court accordingly ruled that Candace could not elect to take against Frank's will and was not entitled to the statutory survivor's allowance. Candace appeals, claiming the court erred in enforcing the waiver of her statutory rights in Frank's estate. We reverse.

The facts relevant to this appeal are these. Candace and Frank met in a Fort Wayne nursing home where they both lived. After an extended courtship, they married on July 5, 1980. Because they were both in their eighties and had children by prior marriages, they orally agreed that their estates would pass to their respective children and that neither would make any claim on the other's estate. This understanding was mentioned several times to Frank's relatives in Candace's presence. This understanding was further evidenced by a written "rent agreement" whereby Frank and Candace agreed that their funds on deposit at the nursing home would be kept separate. The agreement provided that, on the death of either of them, the survivor's account would go into his or her estate. Frank died on January 29, 1982. On February 5, 1982, Candace was contacted by Donald Bohnke, Frank's son and personal representative. To "get started" with administration, Donald asked Candace to sign an instrument entitled "Waiver of Right to Elect to Take Against Will," which also contained a waiver of the statutory survivor's allowance. Donald offered to answer any questions Candace had about this instrument, but did not explain its contents or implications. Candace read the waiver, read Frank's will, which left her nothing, and grudgingly signed the waiver after being advised by her daughter that she "didn't have much choice." Candace subsequently sought an attorney, who filed a petition to revoke Candace's waiver of her statutory rights. After a hearing, the trial court denied this petition, and this appeal ensues.

In this appeal, Candace states four issues. All of these, however, stem from Candace's contention that the court erred in refusing her request to withdraw the waiver of her statutory rights in Frank's estate. This claim raises the issue of when a court must allow a party to revoke such a waiver. Indiana Code 29–1–3–6 governs a surviving spouse's waiver of the right to take against the will. That section provides, in pertinent part, as follows:

The right of election of a surviving spouse ... may be waived before or after marriage by a written contract, agreement or waiver, signed by the party waiving the right of election, after full disclosure of the nature and extent of such right ....

Similarly, Ind.Code 29–1–2–13 provides that a person may waive, in writing, any expectancy in her spouse's estate after full disclosure of the right being waived. This section controlled Candace's waiver of her surviving spouse's allowance—clearly an "expectancy" in Frank's estate within the meaning of Ind.Code 29–1–2–13. Our General Assembly has made no provision for the revocation of waivers executed under these two sections. Thus, waivers complying with these sections are generally binding and thus irrevocable. *Haas v. Haas,* (1951) 121 Ind.App. 335, 96 N.E.2d 116; *see also Estate of McClain v. McClain,* (1962) 133 Ind.App. 645, 183 N.E.2d 842 (antenuptial contract waiving spouse's rights enforced).

1. Ind.Code 29–1–4–1.

2. Ind.Code 29–1–3–1.

Nevertheless, it is equally clear that the court may not enforce a waiver not complying with the statutory requirements. Prior Indiana case law held that a widow should be allowed to revoke her waiver of statutory rights where it was not based on a full disclosure of the rights waived. *E.g., Garn v. Garn,* (1893) 135 Ind. 687, 35 N.E. 394. Decisions from other jurisdictions have uniformly adopted this same holding. *See* annot. 71 A.L.R.2d 942. The waiver provisions of our Probate Code were meant to codify this rule. As the Indiana Probate Code Study Commission noted:

> The right to waive an expectancy is founded in equity and the waiver must be equitable. Thus the requirement of full disclosure of the facts and fair consideration is essential. It is believed that this section is in a general sense only a declaration of the present case law.

Probate Code Study Commission, 1953 Comments, Ind.Code Ann. 29–1–2–13 (West 1979). Thus, if a waiver is not executed in accordance with the "essential" disclosure requirements of Ind.Code 29–1–2–13 and 29–1–3–6, it is not binding, and the signer should be allowed to revoke it.

In this case, the trial court implicitly found that Candace's waiver of her statutory rights was valid and denied her petition to revoke it. By challenging this ruling, Candace is appealing from a negative judgment. In such cases, we neither reweigh the evidence nor assess the witnesses' credibility. We will reverse only if the evidence viewed most favorably to the trial court leads uncontrovertibly to a conclusion opposite the one reached. *Kokomo Veterans, Inc. v. Schick,* (1982) Ind.App., 439 N.E.2d 639. In this case, the evidence leads uncontrovertibly to the conclusion that Candace did not receive "a full disclosure of the nature and extent" of her statutory rights before signing the waiver, as required by Ind.Code 29–1–2–13 and 29–1–3–6.

Candace testified at trial that Donald Bohnke, Frank's personal representative, contacted her on February 5, 1982, to arrange for her to sign "a paper." Later that day, they met and went to Candace's bank to find a Notary Public. Candace testified that Donald never advised her of her right to take against Frank's will or her statutory survivor's allowance before she signed the waiver. Donald did not deny this. Rather, he also testified that he never explained to Candace the nature or extent of the rights she was waiving. Donald said that he had offered to answer any questions Candace might have, but he admitted that he could not have explained her statutory rights if she had asked about them. This testimony was corroborated by several family members who were at the bank and heard part of the conversation between Donald and Candace. None of these witnesses testified that Donald informed Candace of her statutory rights.

Nor did the text of the waiver itself disclose to Candace the nature and extent of the rights she was waiving. It merely recited that:

> I have been fully informed as to my rights in the estate of my deceased husband, Frank E. Bohnke, and as to the provisions of I.C. 29–1–3–1 and my right to survivor's allowances as provided in I.C. 29–1–4–1.

Such an allusion to Candace's statutory rights hardly constitutes a disclosure of the nature of those rights. Further, although this statement might be considered evidence that Candace had been informed of her rights, the boilerplate recitations of "fact" in the waiver are inherently incredible in light of the parties' consistent testimony to the contrary. Thus, all the evidence, even when viewed most favorably to the trial court, leads uncontrovertibly to the conclusion that Candace was not informed of the nature and extent of her statutory rights before signing the waiver, as Ind. Code 29–1–2–13 and 29–1–3–6 require. The waiver was clearly invalid, and the court erred in denying Candace's petition to revoke it.

We note at this point that the Estate's arguments for upholding Candace's waiver have little to do with the requirements of the Probate Code. The Estate

correctly states that the court found an oral antenuptial agreement existed between Candace and Frank. Under this oral agreement, Candace and Frank were each to keep their own separate property. Further, neither of them was to make any claim on the estate of the other. The Estate argues that, because the waiver was signed pursuant to a valid antenuptial agreement, it too must be valid. We disagree. Generally, antenuptial agreements are favored by the law and will be liberally construed to carry out the parties' intent. *Estate of Gillilan v. Estate of Gillilan,* (1980) Ind.App., 406 N.E.2d 981.

■ This general rule is limited, however, by Ind.Code 29–1–2–13 and 29–1–3–6. Again, under these sections, claims against an estate may only be waived by a *written* agreement or waiver. Thus, Candace's oral agreement with Frank was not a valid waiver of her rights in his estate. From this it follows that the court could not, as the Estate suggests, have found Candace's waiver valid based solely on proof that it was signed pursuant to an oral agreement between her and Frank. Although such a finding would have vindicated the parties' intent, it would have nullified the legislature's intent that widows not be allowed to waive their rights without full disclosure. Moreover, the trial court clearly found Candace's waiver valid in itself and relied on the evidence of an oral agreement only in deciding whether there was adequate consideration for the waiver. Thus, the court's finding that Frank and Candace had an oral antenuptial agreement does not affect our decision that the waiver signed by Candace was invalid.

■ The Estate also suggests that the written rental agreement signed by Frank and Candace constituted a waiver by Candace of her rights in Frank's estate. This claim lacks merit. The rental agreement began with an account of the funds deposited by Frank and Candace at the nursing home. It then provided:

> Whereas we request that at the death of either of us ... each balance as shown above minus $50.00 a month be deducted

as each one's share of rent deducted by Concord Village from the deposit to apply on the rent of the Apt. 211S and the remaining balance of each individual share of the Deposit be paid to the survivor and to the Estate of the deceased as the case may be.

An agreement that funds belonging to the deceased spouse would be paid to his estate clearly does not constitute an agreement that the survivor would make no claims on the estate. Candace did not waive her statutory rights in Frank's estate by signing this agreement.

Because Candace's waiver of her statutory rights was invalid, the trial court erred in denying her petition to revoke it. The trial court's judgment is accordingly reversed.

CONOVER, P.J., and MILLER, J., concur.