Boyer *v.* Berryman.

No. 14,031.

BOYER *v.* BERRYMAN.

JURY.— *Vacancies.*—*Summoning Persons Outside Court Room.*—*Refusal of the Court to Direct.*—It is not error for the court to refuse to direct the sheriff to fill vacancies in the jury by summoning persons outside of the court room.

DEED.—*By Insane Person.*—*How Avoided.*—A deed of a person of unsound mind, made before office found, to one who has no knowledge of the grantor's incapacity, is only voidable, and in order to avoid it, the consideration received must be tendered to the grantee.

SAME.—*Mere Mental Weakness not Sufficient to Avoid.*—*Instruction.*—Mere weakness of mind, impairing only the capacity to transact business prudently and judiciously, is not sufficient to avoid a deed in a case where there is not fraud; and an instruction to that effect is not erroneous.

JUDGMENT.—*Jurisdiction.*—Where there is jurisdiction of the subject and of the parties a judgment is not void, although there may be numerous errors in the record and proceedings.

SAME.—*Collateral Attack.*—*Insanity.*—If a party seeks to avoid a judgment upon the ground that he was of unsound mind, he must assail the judgment directly, for it is not vulnerable upon a collateral attack.

From the Montgomery Circuit Court.

*M. E. Clodfelter, J. A. Lindley, L. V. Maxedon* and *H. D. Vancleave,* for appellant.

*W. T. Brush,* for appellee.

ELLIOTT, J.—The appellant in his cross-complaint asserts title to the real estate described in it, and the appellee, who had brought an action for possession, dismissed his complaint and the cause was tried upon the issues joined on the cross-complaint.

The appellant requested the court to direct the sheriff to fill vacancies in the jury by summoning persons outside of the court room, but the request was denied. In this there was no error.

The record and proceedings in a former action between the parties were properly admitted in evidence. The court in

which the action was tried had jurisdiction of the subject and of the parties, and the judgment was not void even if it be true, as the appellant asserts, that the court erred in referring the controversy to a master commissioner or referee. Where there is jurisdiction of the subject and of the parties, a judgment is not void, although the record and proceedings may abound in errors.

The second instruction given by the court reads as follows: "If the plaintiff, Boyer, was insane at the time he executed the deed in question (if he did execute it), that fact alone would not enable him to set it aside. The deed of an insane person is not void, unless such person has been adjudged to be insane by a court of competent jurisdiction. It is only voidable, and it depends upon other circumstances whether it can be avoided or not. If Berryman paid Boyer a valuable consideration for the deed, and at the time had no knowledge of his insanity (if he was insane), and there was nothing in his appearance or conversation to indicate that he was insane, and the contract was fair, then he would have no right to have the deed set aside without returning, or offering to return, to Berryman the consideration received from Berryman for the deed in question." There was no error in giving this instruction. It is now settled by our decisions that a deed of a person of unsound mind, made before office found, to one who has no knowledge of the grantor's incapacity is only voidable, and that, in order to avoid it, the consideration received must be tendered to the grantee. *Fay* v. *Burditt*, 81 Ind. 433 ; *Copenrath* v. *Kienby*, 83 Ind. 18. The doctrine of our cases is well sustained by the decisions of other courts. *Elston* v. *Jasper*, 45 Texas, 413 ; *Pearson* v. *Cox*, 71 Texas, 246 (10 Am. St. R. 740) ; *Riggan* v. *Green*, 80 N. C. 236 (30 Am. R. 77) ; *Eaton* v. *Eaton*, 37 N. J. L. 108 (18 Am. R. 716) ; *Hovey* v. *Hobson*, 53 Maine, 451 (89 Am. Dec. 705) ; *Hovey* v. *Chase*, 52 Maine, 304 (83 Am. Dec. 514) ; *Allis* v. *Billings*, 6 Met. 415 (39 Am. Dec. 744) ; *Gribben* v. *Maxwell*, 34 Kan. 8.

Mere weakness of mind, impairing only the capacity to transact business prudently and judiciously, is not sufficient to avoid a deed in a case where there is no fraud, and the trial court did not err in so instructing the jury.

The court gave the following instruction: "A judgment in a suit of Berryman against Boyer has been given in evidence, and if you find that the deed decreed by the court in that case to be ratified and confirmed, is the same that is in controversy in this suit, then the court instructs you to find for the defendant, Berryman." The appellant has no just cause to complain of this instruction. It was the duty of the court to construe the record and judgment in the former action, and to instruct the jury as to its legal force and effect. The effect ascribed to the judgment by the court is the correct one.

If there was any error in the judgment in the former action, the only mode in which it could be made available was by a direct attack. If a party seeks to avoid a judgment upon the ground that he was of unsound mind, he must assail the judgment directly, for it is not vulnerable upon a collateral attack.

It clearly appears upon the whole record that the judgment below is right. If any error at all was committed, it was in not directly instructing the jury to find for the defendant, Berryman.

Judgment affirmed.

Filed April 29, 1890.