## KEELY, GUARDIAN, v. CITY OF INDIANAPOLIS.

[No. 7,451. Filed February 15, 1912.]

1. MUNICIPAL CORPORATIONS.—*Defective Sidewalks.—Insane Persons.—Declarations.*—In an action by the guardian of an insane person against a city for damages sustained by such insane person by reason of an alleged defective sidewalk, where a witness for defendant, over plaintiff's objection, had been asked what such insane person had said to him, at a certain place and time, after a guardian had been appointed, and such witness answered that such insane person said that his attorney wished to see him and that such attorney "thought the trial was all shot to pieces," the overruling of a motion to strike out such answer on the grounds that it did not tend to prove any issue in the case and that it was spoken while such person was under guardianship, was not erroneous, where one of the issues in the case involved such person's sanity when he agreed to an alleged settlement of his case shortly prior thereto. p. 399.

2. COMPROMISE.—*Declarations Concerning.—Evidence.—Insane Persons.*—In an action by the guardian of an insane person for injuries sustained by such person, declarations made by a companion, in the presence of such person, to one of the attorneys for defendant, before an adjudication of insanity, relating to a compromise of his case, are admissible as tending to show the fairness of a compromise subsequently made by him and prior to such adjudication. pp. 400, 401.

3. WITNESSES.—*Competency.*—Under §519 Burns 1908, §496 R. S. 1881, providing that "all persons, whether parties to or interested in the suit, shall be competent witnesses * * * except as herein otherwise provided," competency is the rule and incompetency the exception. p. 401.

4. WITNESSES.—*Competency.—How Questioned.—Trial.—Appeal.*— The objection that a question is "irrelevant and incompetent" does not raise the question of the competency of the witness. p. 401.

5. COMPROMISE.—*Evidence Concerning.*—Evidence concerning an effort to compromise is ordinarily inadmissible. p. 401.

6. WITNESSES. — *Competency. — Insanity.* — In an action by the guardian of an insane person, evidence of his declarations made prior to the guardianship in reference to a compromise of his case, is admissible, where the consideration of such declarations is limited to the question of his sanity at the time of a compromise subsequently made, his sanity at that time being in question, although such insane person was incompetent to testify. p. 402.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Alice Keely, as guardian of Frank Keely, an insane person, against the City of Indianapolis. From a judgment for defendant plaintiff appeals. *Affirmed.*

On motion to dismiss appeal, see 46 Ind. App. 182.

*A. J. Shelby, Wymond J. Beckett* and *Elliott & Elliott,* for appellant.

*Samuel M. Ralston, Frederick E. Matson, Crate D. Bowen* and *James D. Pierce,* for appellee.

MYERS, J.—This was an action for damages for personal injuries received by Frank Keely, caused by his falling into a ditch through the alleged negligence of appellee.

An amended complaint and an answer in general denial formed the issues, which were submitted to the court for trial. The finding and judgment was in favor of appellee. On December 3, 1908, appellant's motion for a new trial was overruled, appeal prayed and granted. On November 2, 1909, the record and assignment of error was filed in this court.

The error assigned on the overruling of appellant's motion for a new trial presents for our consideration all the questions relied on for a reversal of the judgment.

From the complaint it appears that by proper judicial proceedings Frank Keely, on May 25, 1907, was declared

a person of unsound mind, and incapable of managing his own estate, and on September 7, 1907, this appellant was duly appointed guardian of the person and estate of said Keely, and at once qualified as such guardian. It further appears that on the night of October 23, 1897, said Frank Keely, while walking along the sidewalk on Martindale avenue, within the corporate limits of appellee city, fell into a ditch close to said sidewalk, which appellee had carelessly and negligently left open and without any guards, protections or barriers to prevent travelers along said walk from falling into it, and whereby he was seriously and permanently injured; that said Keely brought an action against appellee to recover damages on account of his said injuries so received, and recovered a judgment, which was reversed by the Supreme Court on December 19, 1906, and a new trial ordered for error committed by the trial court (see *City of Indianapolis* v. *Keely* [1906], 167 Ind. 516), that while said cause was pending for a new trial, and on February 7, 1907, said Keely entered into an agreement with appellee, whereby, in consideration of $1,100, said cause of action was compromised and settled, and a written dismissal of said cause signed by said Keely and delivered to appellee. It further appears that at the time of said settlement, said Frank Keely was a person of unsound mind, and incapable of making said settlement, and this was one of the facts in issue on the trial of this cause.

Appellant in this court insists that the trial court erred in holding that certain persons were competent witnesses as to matters which occurred prior to appellant's appointment as guardian, and in admitting certain evidence over appellant's objection.

The record contains all the pleadings upon which the cause was tried, the decision and judgment of the court, also a bill of exceptions containing certain portions of the evidence, namely, a transcript of the court proceedings adjudging Frank Keely a person of unsound mind, and the

appointment and qualification of appellant as guardian; also the testimony of three witnesses called by the defendant, the objections made to the ruling of the court in respect to the admission of certain parts of their testimony, and exceptions taken at the time to such rulings. It is further made to appear by the certificate of the trial judge that said witnesses were not called by the court to testify in said cause, nor were they called by plaintiff, nor did the court adjudge said Frank Keely a competent witness, nor did he testify as a witness.

The first question relates to the admissibility of certain testimony given by one of the witnesses. This witness, after stating that he had had a conversation with Frank

1. Keely at a certain grocery store during the month of June, before the trial in November, 1908, was asked: "What did he say to you, if anything?" There was an objection to this question, but no ruling of the court, and after counsel for defendant had stated that this evidence was offered as bearing on Keely's mental condition, the witness answered: "He [Keely] said Mr. Beckett wanted to see me, and he said he thought the trial was all shot to pieces." A motion to strike out this answer, for the reasons that it did not tend to prove any issue in the case, and because at the time the statement was made Keely was under guardianship as a person of unsound mind, was overruled.

We have carefully considered the testimony of this witness, and we fail to see any value in it for appellee or harm to appellant. The answer in question was the repetition of a statement made by a person then presumed to be of unsound mind, regarding the probable result of litigation to which he was a party. There was no attempt by appellee to show that Keely made the statement during a lucid interval, or at a time when he appreciated what he was saying. If Keely had a meritorious case, and from the interest manifested by his attorneys it would not be unreasonable to assume they had so advised him, and he had the impression

indicated by the statement, such statement might be considered, along with other facts, in determining the condition of his mind at that time. Its weight would be for the jury or court trying the question. In view of the discretion allowed the trial court in such matters, and the presumption of correct ruling, we cannot say that the ruling now under consideration was erroneous.

The next witness stated that he was assistant attorney for appellee city, and represented appellee at the trial which resulted in a verdict for the city, and at the

2. next trial which resulted in a judgment in favor of Keely, and between the time of the two trials Ben Aldridge and Keely came to his office, where he had a conversation with Aldridge about compromising the case. He was then asked to "state to the court what took place." Appellant objected to this question on the ground that the witness at the time was the city attorney, and any talk about a compromise was irrelevant and incompetent. The witness then gave the substance of a conversation had between himself and Aldridge, to the effect that Aldridge thought the case could be settled for $800, and finally offered to take $500, to which the witness in substance replied, that they would not pay more than it would cost to try the case again, probably $200. Aldridge and Keely then left the office.

Appellant moved to strike out the answer of the witness, for the reason that what was said on that occasion was in reference to a compromise, and that the proposed settlement for $500 did not tend to prove the settlement made at a later date for $1,100 was fair, and because Keely was then an incompetent witness, being of unsound mind and under guardianship, and the answer had reference to a conversation which occurred before he was declared a person of unsound mind.

As applied to witnesses, competency is the rule (§519 Burns 1908, §496 R. S. 1881), and incompetency the excep-

tion. The objection, to the effect that the talk called for by the question was "irrelevant and incompetent," was insufficient to raise the question of incompetency of the witness. *Bingham* v. *Walk* (1891), 128 Ind. 164. But the objection, that it called for a talk concerning an ineffectual offer to compromise, was sufficient to challenge the competency of the evidence, for "it is well settled that an offer or proposition for a compromise of a legal controversy, not accepted, is not competent evidence for or against either party." *Louisville, etc., R. Co.* v. *Wright* (1888), 115 Ind. 378, 390, 7 Am. St. 432. See, also, *Halstead* v. *Coen* (1903), 31 Ind. App. 302. We firmly adhere to this rule.

In this case the complaint alleges that on June 27, 1903, Keely recovered a judgment against appellee, which was by the Supreme Court on December 19, 1906, reversed, and while the cause was pending for a new trial, "the defendant undertook to obtain a settlement and dismissal of said cause of action," and did secure an unconscionable settlement with said Keely, who at the time, to the knowledge of appellee, was a person of unsound mind. In view of the facts thus alleged, involving not an offer, but the fairness and legality of an actual compromise, any evidence tending to show good faith on the part of appellee in making the contract would be admissible. Hence, all negotiations at the time of the settlement, and those leading up to it, would be competent for the purpose of showing that the compromise was fairly and understandingly entered into, and that nothing occurred likely to attract the attention of a reasonably careful person that anything was wrong with Keely's mind. If the motion to strike out presented the question of competency of the witness, then it will be observed that the answer had reference to a conversation between the witness and Aldridge. It does not appear that Keely took part in the conversation, or that he in any man-

ner, except by his silence, consented to the settlement proposed by Aldridge. The subject about which the witness testified was open and known to Aldridge, and if what he said was not true, he might have been contradicted by the person with whom he had the conversation, as there is no claim that Aldridge was not a competent witness, or that his evidence was inaccessible. In any event the answer of the witness did not go to anything that was said or done by Keely, but to what was said by another in Keely's presence.

The last witness, after stating that he was on February 7, 1907, corporation counsel for appellee, and that he had no acquaintance with Keely before said February 7, when Ben Aldridge and Keely came to his office, was asked to state what took place on that occasion between himself and other representatives of the city and Mr. Keely and Mr. Aldridge. Appellant objected to this question, for the reason, in substance, that the witness was a representative of the city, and therefore incompetent, because Keely was a person of unsound mind and under guardianship and incompetent to testify. The court then limited the testimony of this witness to the question of Keely's mental condition. This was a subject "fully open to investigation by both parties, and it is not a question upon which one party can speak of matters of which only he and the dead had knowledge." *Lamb* v. *Lamb* (1885), 105 Ind. 456. In the same case it was further said: "It was not intended to exclude parties from testifying in cases where the subject is one of which the knowledge that the parties profess to have is not hidden from all other living persons. There is nothing in the spirit of the statute, certainly nothing in the letter, which excludes parties from testifying respecting matters open to the observation of all the friends and acquaintances of the deceased." In the case now under consideration the witness testified to a conversation between Keely and himself in the presence of Aldridge. He then gave as his

opinion, based upon the facts first stated to the court and from his observation of Keely, that Keely at the time of the settlement was a person ·of sound mind. The witness was competent, and the testimony admissible, limited as it was. *Studebaker* v. *Faylor* (1908), 170 Ind. 498, 127 Am. St. 397; *Louisville, etc., R. Co.* v. *Thompson* (1886), 107 Ind. 442, 444, 57 Am. Rep. 120; *Stauffer* v. *Martin* (1909), 43 Ind. App. 675; *Brelsford* v. *Aldridge* (1908), 42 Ind. App. 106.

Judgment affirmed.

Felt, C. J., not participating.